## In re Ruth.

Constitutional law: INTOXICATING LIQUORS.  Section 1575 of the Revision, as amended by chapter 128, acts of 1868, providing for the granting of permits to persons of good moral character, who are citizens of the county, to sell intoxicating liquors, is not in conflict with section 1 of article 1, nor with section 6 of the same article of the State constitution.

*Appeal from Page Circuit Court.*

FRIDAY, JULY 28.

THOMAS H. RUTH applied to the circuit court of Page county for permission to sell intoxicating liquors for medicinal, mechanical, sacramental and culinary purposes. Permission was refused, and thereupon he appeals to this court.

*W. W. Morseman* for the appellant.

No appearance *contra.*

BECK, J. — By sections 1575, 1576 of the Revision, any citizen of the State, except hotel keepers, keepers of saloons, eating houses, grocery keepers and confectioners, was permitted to sell intoxicating liquors for mechanical,

medicinal, culinary and sacramental purposes, upon presenting to the county judge a certificate of twelve citizens of the township in which he resided, that he was a man of good moral character and a citizen of the county and State, and executing bond, with sureties, conditioned as therein prescribed. The duty of a person so authorized to sell liquors, and sundry regulations touching the same are prescribed in these sections.

These provisions are amended by chapter 128 of the acts of the twelfth General Assembly, which provides that, upon application being made for the permission, a day shall be fixed for the hearing, a notice thereof be given for the time and in the manner prescribed, and that any resident of the county may, on the day of final hearing, show cause against the allowance of the permission, which " shall be refused unless the county judge shall be fully satisfied that the requirements of the law have in all respects been fully complied with; that the applicant is a person of good moral character; and that, taking into consideration the wants of the locality and the number of permits already granted, such permit would be necessary and proper for the accommodation of the neighborhood."

The application of appellant was rejected, as we gather from the abstract before us, on the ground that he was not a fit and proper person, as contemplated by the law, to receive the permission. No question is made upon this point; counsel concede that appellant " does not possess the standard of morals contemplated by the statute."

But it is argued that the law which limits the granting of permissions of this kind to persons of good moral character is in conflict with the constitution of the State, and therefore void. The validity of no other provision of the statute is attacked.

Counsel bases his argument upon article 1, section 1 of the constitution, which declares that all men are equal and endowed with the right of acquiring, possessing and pro-

tecting property; and section 6 of the same article, which forbids the general assembly granting "to any citizen or class of citizens, privileges or immunities, which upon the same terms shall not equally belong to all citizens." He argues that, as intoxicating liquors are property, the general assembly cannot restrict the dealing in them for lawful purposes to any class of citizens, as to citizens of good moral character.

The breadth and design of these constitutional provisions, to secure equality of all and the enjoyment of property by all, is fully understood and as fully conceded. But the equality secured to the citizen cannot be exercised to the danger of the lives and property of others; neither can property be acquired, enjoyed and disposed of to the peril of the lives, health, happiness and property of others. The constitution does not interfere with the police power of the State to protect the people in their lives, health and property. The State is clothed with the power to prevent injury to these. See Constitution, art. 1, § 2. Gun powder, nitro-glycerine, and other explosive agents, are property, yet the State may confine traffic in them to certain classes of persons, and confine their storage to certain localities. Certain poisons are property, but the sale of them may be restricted to certain persons, namely: those having sufficient intelligence to know when they ought to be used, and of sufficient character for prudence to give assurance that these deadly agents will not be carelessly administered. So intoxicating liquors are deemed, by the law, agents that are dangerous to the morals, health and lives of the people, though useful for proper purposes; their sale in the hands of men not of good character would be abused and the people suffer therefrom. A preventive restriction is thrown around their sale, by permitting men of good moral character alone to deal in them. But counsel exclaim: "have not men of bad moral character the same rights as men of good morals? Undoubtedly

all are equal before the law as to the rights of property. But no one has the right to deal in these liquors, so far as his own interests are concerned; but as the wants of the people, for certain lawful purposes, demand that some should be allowed to sell them, the privilege is granted to certain persons, not because they have a right to sell the liquors, but because the wants of the people demand that the sale should be authorized to some extent, and they will be less likely to do injury than others who might be intrusted with the privilege.

The sale of the liquors by all men of good morals is not permitted, and the law is not, therefore, intended, nor does it operate, to secure commerce in intoxicating liquors to all persons of that class. It has been found that the health and lives of the people demand that a few licensed persons be empowered to sell these liquors for lawful purposes, and that all others be forbidden to deal in them. Of those who are authorized, the law requires satisfactory proof of good moral character. In this respect, it differs not from all license laws which bestow privileges upon fit and proper persons making application therefor. These laws have always been sustained.

The authorities cited by counsel are not in conflict with the foregoing views.

In our opinion, the provision of the statute in question is not in conflict with the constitution.

The judgment of the circuit court is

Affirmed.